1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LAWRENCE HORN,

                    Plaintiff,

     v.

PROVIDENT LIFE & ACCIDENT
INSURANCE COMPANY;
UNUMPROVIDENT CORPORATION;
CALIFORNIA TEACHERS ASSOCIATION
GROUP SALARY PROTECTION
INSURANCE PLAN,

                    Defendants.

_____/

No. C 04-0589 MHP

**OPINION**
**Re: Cross-Motions for Summary**
**Judgment**

<span style="padding-left:2em;"></span>Plaintiff Lawrence Horn filed this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 <u>et seq.</u>, seeking review of defendants' calculation of his disability benefits. On December 14, 2004 this court issued an order granting defendant's motion for partial summary judgment and establishing that the standard of review to be used in evaluating defendant's calculation of plaintiff's benefits would be an abuse of discretion standard. Now before the court are the parties' cross-motions for summary adjudication as to whether *de novo* review is still appropriate, despite the court's prior ruling on the issue of review. Having considered the arguments presented and for the reasons stated below, the court enters the following memorandum and order.

<u>BACKGROUND</u>

<span style="padding-left:2em;"></span>The court refers the parties to the December 14, 2004 order which sets forth in greater detail the facts pertinent to this case. Plaintiff has participated in an employee welfare benefit plan

<span style="writing-mode:vertical-rl;">United States District Court</span>
<span style="writing-mode:vertical-rl;">For the Northern District of California</span>

1  sponsored by defendant California Teachers Association Group Salary Protection Insurance Plan

2  ("the Plan") since April 1999. Kawasaki Dec., Exh. B at U/A 2-3.  On September 13, 2000, plaintiff

3  filed with the Plan a claim for short-term disability benefits and began receiving benefits on

4  September 26, 2000. Kawasaki Dec., Exh. B at U/A 472-74.  Plaintiff was already receiving monthly

5  disability pension benefits available through the California State Teachers Retirement System

6  ("STRS") in the amount of $2,308.04. Id. at U/A 441.  Plaintiff subsequently applied for long-term

7  disability benefits from the Plan and has received such benefits in the amount of $500 per month

8  since September 2002. Id. at U/A 1, 116-17.

9         On February 23, 2003, plaintiff wrote to the Plan and asserted that his long-term disability

10  benefits had been improperly calculated. Id. at U/A 79.  Plaintiff argued that rather than subtracting

11  plaintiff's "Other Income" from his long-term disability benefit *after* applying the fifty percent factor

12  to plaintiff's monthly contract salary, Provident should have subtracted "Other Income" from his

13  salary *before* multiplying by fifty percent. Id. at U/A 37.  Under plaintiff's interpretation, his monthly

14  benefits under the Plan would total $1,456.85 per month. Id.  Provident responded by contacting

15  plaintiff via telephone to discuss how it arrived at the $500 per month figure. Id. at U/A 90-92.  In

16  addition, Provident provided plaintiff with a "Disability Benefit Calculation" dated January 28, 2003.

17  Id. at U/A 87-89.  Over the ensuing months, the parties exchanged a number of letters with respect to

18  the recalculation of plaintiff's benefits. Id., Exh. B at U/A 29-30.  On November 21, 2003, plaintiff's

19  counsel again wrote to Provident and requested that it recalculate plaintiff's benefits. Id. at U/A 5-6.

20         On February 11, 2004, plaintiff filed this action seeking review of Provident's calculation of

21  his disability benefits.  It was not until after this action was filed, on April 20, 2004, that Provident

22  sent plaintiff a letter denying his November 2003 request for reconsideration and reaffirming its

23  original interpretation of the policy's "Other Income" provision. Id., Exh. 15 at H0118-19.  Here,

24  Provident provided additional information from the Plan's supplementary notes and admission

25  package materials to support its interpretation of the Plan language.

26         Plaintiff's complaint seeks a declaration that Provident incorrectly interpreted the "Other

27  Income" provision of the CTA's group disability policy, as well as disgorgement of all profits from

28

U NITED STATES D ISTRICT C OURT
For the Northern District of California

2

the improper interpretation of the Plan and unspecified equitable relief under section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).  On October 12, 2004, the parties filed cross-motions for summary adjudication on the issue of the standard of review that this court should apply in evaluating Provident's calculation.  Plaintiff advanced the following theories to support the adoption of a *de novo* review standard: 1) as a result of a February 26, 2004 opinion letter by the California Insurance Commissioner, the discretionary clause in the disability policy which gave Provident the sole right to construe the terms governing the calculation of benefits was invalid, 2) Provident failed to respond to plaintiff's request for review within the applicable time limits and 3) defendant had a conflict of interest mandating a more stringent level of review.  On December 14, 2004 this court rejected these contentions and issued an order granting defendant's motion for partial summary judgment and establishing that the standard of review to be used in evaluating defendant's calculation of plaintiff's benefits would be an abuse of discretion standard. Horn v. Provident Life and Accident Ins. Co., 351 F.Supp. 2d 954 ( N.D. Cal. 2004) (Patel, J.).

Now, before the court are the parties' cross-motions for summary adjudication on the issue of the standard of review that this court should apply in evaluating Provident's calculation, despite the court's prior holding. While plaintiff argues that Provident's grant of discretion is ambiguous rendering it subject to *de novo* review under ERISA, defendants continue to contend that the court must review Provident's decision under an abuse of discretion standard.   The court considers the parties' arguments below.

LEGAL STANDARD

I.      Summary Judgment

Summary judgment is proper when the pleadings, discovery, and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  Material facts are those which may affect the outcome of the proceedings. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the

3

1   nonmoving party. Id.  The party moving for summary judgment bears the burden of identifying those

2   portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of

3   material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  On an issue for which the

4   opposing party will have the burden of proof at trial, the moving party need only point out "that there

5   is an absence of evidence to support the nonmoving party's case."  Id.

6       Once the moving party meets its initial burden, the nonmoving party must go beyond the

7   pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a

8   genuine issue for trial." Fed. R. Civ. P. 56(e).  Mere allegations or denials do not defeat a moving

9   party's allegations.  Id.; see also Gasaway v. Northwestern Mut. Life Ins. Co., 26 F.3d 957, 960 (9th

10  Cir. 1994).  The court may not make credibility determinations, Anderson, 477 U.S. at 249, and

11  inferences drawn from the facts must be viewed in the light most favorable to the party opposing the

12  motion.  Masson v. New Yorker Magazine, 501 U.S. 496, 520 (1991).  Nonetheless, even if summary

13  adjudication of an entire claim is not warranted, Federal Rule of Civil Procedure 56(d) allows a court

14  to grant partial summary judgment, thereby reducing the number of facts at issue in a trial.  Fed. R.

15  Civ. Pro. 56(d); State Farm Fire & Cas. Co. v. Geary, 699 F. Supp. 756, 759 (N.D. Cal. 1987) (Patel,

16  J.).

17  II.     Judicial Review of Benefits Determinations Under ERISA

18      The disability insurance plan at issue in this action is a defined benefit plan subject to the

19  provisions of ERISA.  A denial of ERISA benefits is reviewed de novo unless "the benefit plan gives

20  the administrator or fiduciary discretionary authority to determine eligibility for benefits or to

21  construe the terms of the plan." Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989).

22  Under Firestone, the default presumption is that the administrator has no discretion and must show

23  that the plan confers discretionary authority.  Kearney v. Standard Ins. Co., 175 F.3d 1084, 1089 (9th

24  Cir) (en banc), cert. denied, 528 U.S. 964 (1999).  An administrator is deemed to have validly been

25  given discretion if such discretion was "unambiguously retained." Id., 175 F.3d, at 1090 (quoting

26  Bogue v. Ampex Corp., 976 F.2d 1319, 1325 (9th Cir. 1992).  If the benefit plan confers discretion on

27  the administrator, a reviewing court must apply an abuse of discretion standard.  Bendixen v.

28

4

Standard Ins. Co., 185 F.3d 939, 942 (9th Cir. 1999); McClure v. Life Ins. Co. of N. Am., 84 F.3d 1129, 1132 (9th Cir. 1996) (per curiam).

Under the abuse of discretion standard, the court's review is limited to the administrative record, and the decision of an administrator will not be disturbed unless the court determines that the decision was arbitrary or capricious. McKenzie v. General Tel. Co. of Cal., 41 F.3d 1310, 1316 (9th Cir. 1994), cert. denied, 514 U.S. 1066 (1995); Clark v. Washington Teamsters Welfare Trust, 8 F.3d 1429, 1431 (9th Cir. 1993). "The touchstone of 'arbitrary and capricious' conduct is unreasonableness." Clark, 8 F.3d at 1432. It is unreasonable, and therefore an abuse of discretion, for an administrator to "make a decision without any explanation, or in a way that conflicts with the plain language of the plan, or that is based on clearly erroneous findings of fact." Atwood v. Newmont Gold Co., Inc., 45 F.3d 1317, 1323-24 (9th Cir. 1995) (citing Taft v. Equitable Life Assur. Soc., 9 F.3d 1469, 1472-73 (9th Cir. 1993)). In contrast, under the *de novo* standard of review, the normal summary judgment standard applies, and the district court may grant summary judgment only if there are no genuine issues of material fact in dispute. Tremain v. Bell Indus., Inc., 196 F.3d 970, 978 (9th Cir. 1999).

DISCUSSION

The question presented in the parties' cross-motions for summary judgment is whether the court should review Provident's calculation of plaintiff's disability benefits *de novo* or under an abuse of discretion standard. In addressing this issue, the court is called upon to determine the nature of the grant of discretion and whether the rule against *contra preferentum* demands that the calculations be reviewed *de novo*.

I.    Standard of Review

Plaintiff contends that, despite the court's prior ruling that an abuse of discretion standard is appropriate in the present case, *de novo* review of Provident's calculation of plaintiff's benefits is warranted because Provident's grant of discretion was not "unambiguous." Consequently, plaintiff

argues, the doctrine of *contra preferentum,* which provides that ambiguities in insurance contracts should be construed against the drafter, is applicable in this instance to construe the ambiguity in the plan's calculation of benefits in favor of the plaintiff.   Alternatively, plaintiff asserts that *contra preferentum* is still applicable even if the standard of review is an abuse of discretion standard.

1)     Unambiguous Nature of Provident's Grant of Discretion

The <u>Firestone</u> exception to *de novo* review applies when discretionary authority in "determin[ing] eligibility for benefits or . . . [in] constru[ing] the terms of the plan" is awarded unambigously to the plan administrator.  <u>Firestone</u>, 489 U.S., at 115;  <u>Kearney</u>, 175 F.3d, at 1090. The discretionary clause of the Plan states in relevant part that Provident has "sole and exclusive discretion" to "grant and/or deny any and all claims for benefits and construe any and all issues relating to eligibility for benefits." Joint Statement of Undisputed Facts filed 8/11/05, ¶1.  In relying on the requirement for an unambiguous grant of discretion, plaintiff attempts to draw a distinction between the discretion to "determine eligibility for benefits" and the discretion to "construe the terms of the plan," arguing that the Plan only confers discretion on Provident to determine the plan participants' eligibility for benefits.  Pl.'s Opp. to Mot. For Summ. Judgment at 6, 8.  By implication, the plaintiff argues that the ability to construe the actual language in the plan detailing how the benefits are themselves calculated, is not covered in the purported discretionary grant.  To support his contention, plaintiff relies on the Ninth Circuit holding in <u>Patterson v. Hughes Aircraft</u>, 11 F.3d 948 (9th Cir. 1993) where the court held that although the "decision of the plan administrator [would be reviewed] for abuse of discretion,  [the court would] . . . review *de novo* whether the plan's terms [were] . . . ambiguous."  <u>Id.</u>, at 950.

However, pursuant to the Supreme Court standard in <u>Firestone</u>, there is a valid grant of discretion if the plan bestows upon the administrator authority to determine " eligibility for benefits *or* to construe the terms of the plan."  <u>Firestone</u>, 489 U.S., at 115 (emphasis added).  There is no such distinction drawn by the <u>Firestone</u> court between benefit eligibility and plan construal and thus either grant, if clear and unambiguous, is sufficient in conferring discretionary authority.  In reaching this

6

conclusion, the <u>Firestone</u> court noted that they were "guided by principles of trust law" as "ERISA abounds with the language and terminology" of this area of the law.  <u>See</u> <u>id.</u>, at 110-111.  If a plan document gave discretion to a plan administrator to determine the workings of the plan's provisions, then the court would, akin to the situation where a trustee had been given discretionary powers, give deference to that administrator's finding.  <u>Id.</u>, at 113.  An arbitrary distinction between "eligibility" and "plan terms" would appear to run afoul of this desire to construe ERISA denial claims within the framework of trust law principles.

Additionally, plaintiff's reliance on <u>Patterson</u> is misguided, as that court did not draw a distinction between a grant to determine eligibility for benefits and a grant to construe plan terms. The <u>Patterson</u> court, after finding that there had been a valid and unambiguous grant of discretion, did note that under the applicable abuse of discretion standard, the court would look at the "plan terms" (specifically "mental disorder") *de novo* in order to determine whether there was in fact ambiguity and whether the interpretation of the plan administrator was reasonable. <u>See</u> <u>Patterson</u>, at 150.  In fact <u>Patterson</u> cites, as an example of language that validly confers discretion, a Ninth Circuit case wherein the discretionary grant, as in the case at hand, described an ability to "solely" determine benefit eligibility.  <u>See</u> <u>id.</u> (quoting <u>Eley v. Boeing Co.</u>, 945 F.2d 276, 278 n.2 (9th Cir. 1991)) ("The Company shall determine the eligibility of a person for benefits under the plan, pursuant to the terms and conditions specified . . . ").

Moreover, plaintiff's reliance on <u>Kearney</u> is similarly misplaced as the plan language in the <u>Kearney</u> instance was clearly ambiguous, tending to suggest more than one reasonable interpretation of the discretion conferring language.  The plan in <u>Kearney</u> stated that the insurer would pay benefits "upon receipt of *satisfactory* written proof that you have become disabled." <u>Kearney</u>, 175 F.3d, at 1088 (emphasis added).  The language at issue here does not approach the level of imprecision evidenced in the <u>Kearney</u> plan, but rather clearly and unambiguously states that "any and all claims for" and "any and all issues relating to" eligibility shall be under the "sole discretion" of the plan administrator. Joint Statement of Undisputed Facts filed 8/11/05, ¶1. The language conferring

discretion on Provident is valid and unambiguous and does not warrant a *de novo* review of the calculation of benefits.

       2)    Applicability of the *contra proferentem* rule

 Relying on the Ninth Circuit holding in Kunin v. Benefit Life Insurance Co., 910 F.2d 534 (1990), plaintiff argues that that the rule of *contra proferentem* is applicable to all ERISA denial claims where the court has found the plan terms ambiguous.  The Kunin court did find that the rule of *contra proferentem* applies when construing an ambiguous provision of an ERISA insurance contract. Id., at 540.[1]  However, Kunin adopted an "arbitrary and capricious" standard at the request of the insurance company even though a *de novo* review of the claim denial was warranted. Id., at 537. The Supreme Court's Firestone decision, articulating the default rule that ERISA denial claims were to be reviewed *de novo*, was decided in the period between the district court holding in Kunin, which used an "arbitrary and capricious" standard (i.e. an abuse of discretion standard), and the appeal to the Ninth Circuit.  The appeals court assumed, without concluding, that the insurance company had relied on the standard used in the district court and thus adopted the standard that had already been used.  Id.

      Furthermore, although the applicability of the *contra proferentem* rule was at issue in that case, the question was whether the rule applied as a matter of uniform federal law or whether it applied because of an incorporation by federal law. Id., at 539-40.  The court's analysis was not focused on the applicability of the rule as it related to the level of review adopted.  Moreover, the Kunin holding was further clarified by the Ninth Circuit in Vizcaino v. Microsoft Corp., 97 F.3d 1187 (9th Cir. 1996), modified on other grounds, 120 F.3d 1006 (9th Cir. 1997) (en banc), cert. denied, 522 S.Ct. 1098 (1998) (holding that following Kunin the doctrine of  *contra proferentem* is only appropriate when the applicable standard of review is *de novo*). Vizcaino, at 1196.  See also Pengilly v. The Guardian Life Ins. Co., 81 F. Supp. 2d 1010, 1020 (N.D.Cal. 2000).  In sum, Kunin was decided at a point when the applicability of the doctrine had not yet been clearly addressed and thus it is at best questionable authority on whether the doctrine is appropriate in the present action.

UNITED STATES DISTRICT COURT
For the Northern District of California

1    The rule of *contra proferentem* is only applicable to construe ambiguous insurance

2    plan terms in favor of the draftee if the standard of review is *de novo*. See id.   The standard of

3    review was determined in this court's December 14, 2004 order to be an abuse of discretion standard.

4    Horn, at  970.  As aforementioned, plaintiff's claims regarding the "unambiguous" nature of the grant

5    of discretion are unavailing and this court re-affirms the determination that the standard of review is

6    not *de novo*, but an abuse of discretion standard.  The rule of *contra proferentem* is inapplicable.

7    Alternatively, plaintiff contends that *contra proferentem* is still appropriate in cases where a

8    court has determined that an abuse of discretion standard is warranted.  In support of this proposition,

9    plaintiff wrongly cites Barnes v. Independent Automobile Dealers Ass'n of California Health and

10   Benefit Plan, 64 F.3d 1389 (9th Cir. 1995).  However Barnes stands for the exact opposite proposition

11   as there was no discretionary grant at all in that case.  Rather, the issue in Barnes was whether a

12   subrogation clause in the plan should be construed in favor of the draftee and the court found (in the

13   absence of a discretionary grant) that the rule of *contra proferentem* was applicable under a *de novo*

14   standard of review.

15   Plaintiff also cites Patterson in support of its proposition that under an abuse of discretion

16   standard, *contra proferentem* is applicable.  It is true that the court in Patterson determined that there

17   was a valid grant of discretion and after a determination that the plan terms were ambiguous, noted

18   that that the ambiguity should be construed in the insured's favor.  Patterson, at 951.  However,

19   Patterson was decided during the period between the Ninth Circuit's initial holding in Kunin and the

20   subsequent honing of the requirements and methodology in determining the applicability of *contra*

21   *proferentem* for cases involving denial of benefits under ERISA.  See *supra* note 1.  Arguably, what

22   the Patterson court did was to adopt a *de novo* standard of review for the entire claim – something that

23   the language of the plan did in fact support.[2]  See Sandy v. Reliance Standard Life Ins. Co., 222 F.3d

24   1202, 1205-1206 (2000) (finding that plan language that was identical to that found in Patterson was

25   nonetheless an ambiguous grant warranting review *de novo*).  It was not until Vizcaino that the Ninth

26   Circuit clearly articulated that only under a *de novo* review would the doctrine be appropriate.   It is

27   well settled that under an abuse of discretion the doctrine of *contra proferentem* is inapplicable and it

28

9

1   would be "inconsistent to review under an abuse of discretion standard and then to apply the rule of

2   *contra proferentem*." Vizcaino, at 1196.  There was a clear and unambiguous grant in the present

3   case, and the standard of review is thus not *de novo*, but an abuse of discretion.  Consequently, the

4   rule that courts should construe ambiguities in favor of the insured is not appropriate in reviewing

5   Provident's denial of claims under the Plan.

6

7   III.    Reasonableness of Provident's Interpretation

8           Plaintiff contends that based on the administrative record Provident's interpretation of the

9   plan terms is unreasonable and that it should be rejected as an abuse of discretion.  Under an abuse of

10  discretion standard, if the decision of an administrator is found to be reasonable, the court will grant

11  deference to the administrator's finding. Clark, at 1431.   In order to determine whether a plan

12  administrator's construal of a plan term is reasonable, the court looks to the plain meaning of the term

13  and construes it "in an ordinary and popular sense as would a person of average intelligence and

14  experience." Evans v. Safeco Life Ins. Co., 916 F.2d 1437, 1441 (9th Cir. 1990) (brackets and

15  citation omitted).  The inquiry "is not into whose interpretation of the plan documents is most

16  persuasive, but whether the plan administrator's interpretation is unreasonable." Winters v. Costco

17  Wholesale Corp., 49 F.3d 550, 553 (9th Cir. 1995).  Further, in determining reasonableness, the court

18  is limited to the administrative record. Mckenzie v. Gen. Telephone Co., 41 F.3d 1310, 1316 (9th cir.

19  1994).

20          Plaintiff asserts that Provident's interpretation of the phrases is inconsistent with the phrases'

21  plain meaning and that his reading of the phrases (which deducts "Other Income" before the requisite

22  percentage of the salary is calculated) reflects the only plain and ordinary meaning of the policy

23  contract.  To support this assertion, he offers the report of a Stanford University linguist, Geoffrey

24  Nunberg.  Feinberg Dec., Exh. 5.  However, the court will neither comment on nor consider Dr.

25  Nunberg's report, as his expert opinion as a linguist does not aid the court in its consideration of the

26  plain meaning of the phrases. Whether a plan term is ambiguous or not is a question of law to be

27  determined by the court. See McDaniel v. Chevron, 203 F.3d 1099, 1110 (9th Cir. 2000).  It is

28

10

1   immaterial, as plaintiff contends, whether the report was already a part of the administrative record

2   and the court sustains defendant's objections to the report.   The two phrases at issue - "50% of

3   Regular Salary (reduced by Other Income)" and "75% of Regular Salary (reduced by Other Income)"-

4   are ambiguous in their operation.  For a person of ordinary intelligence, it is unclear whether the

5   applicable percentage is to be taken of the "regular" or the "adjusted" salary.  Provident's

6   interpretation (which deducts "Other Income" after the requisite percentage of the salary is calculated)

7   is a reasonable reading of the plain meaning of the two phrases.  Although the phrases can also be

8   reasonably interpreted in the manner advanced by the plaintiff, this court's inquiry is not concerned

9   with making a determination as to which of the parties' interpretations is more persuasive, but is

10  limited to whether the plan administrator's interpretation is unreasonable.  Winters, 49 F. 3d at 553.

11      Plaintiff submits examples of other insurance policies that are purportedly issued by Provident

12  and which demonstrate that Provident could have drafted the plan language much more clearly to

13  avoid the current ambiguity.  Feinberg Dec., Exh. 7.  However, even if these insurance policies are

14  viewed in the light most favorable to plaintiff they do not render defendant's interpretation of the plan

15  terms unreasonable.  Irrespective of other allegedly less ambiguous Provident policies, it is

16  undisputed that throughout the history of the Plan the understanding between the CTA and the

17  insurance company was that the benefit provisions in question would be calculated in the manner

18  advanced by Provident.  Supplemental Skelton Dec., ¶¶3-7.[3]  Furthermore, Provident responded to

19  plaintiff's initial claim letters and gave a reasoned response explaining how the plan terms were

20  construed.  The defendant's reading of the terms was in no way arbitrary and capricious and accorded

21  with the plain meaning of the terms as well as with the custom of Provident.   Based on the record

22  before this court, Provident's reading of the benefit calculation provisions was reasonable.

23      Additionally, plaintiff asks the court to ignore Provident's submission of the April 20, 2004

24  claim letter because, since it was sent after the start of these proceedings, it was not a part of the

25  administrative record.  Although, plaintiff is correct in that the court is generally limited to review of

26  the administrative record, the court is able to consider extrinsic evidence to resolve ambiguity in

27  ERISA plan contracts.  Richardson v. Pension Plan of Bethlehem Steel Corp., 112 F.3d 982, 985 (9th

28

11

1    Cir. 1997).  However, this court need not reach the issue here as the plan administrator's

2    interpretation of the plain contractual terms is reasonable and warrants deference.

3

4    IV.    Summary

5            Having considered each of plaintiff's arguments and concluded that plaintiff has failed to

6    demonstrate why the court should disregard the "discretionary clause" of Provident's policy and adopt

7    a *de novo* review, the court again holds that there is no basis for invoking *de novo* review in the

8    instant action.  The court sustains defendants objections to the Nunberg report and finds that the

9    defendant's calculation of the benefits was not in conflict with the plain meaning of the Plan terms or

10   unreasonable in its interpretation.  Thus, because there is no material dispute of fact with respect to

11   this conclusion, the court grants defendants' motion for summary judgment. Under an abuse of

12   discretion standard, Provident's denial of plaintiff's request for a recalculation of his disability

13   benefits was reasonable and must thus be accorded due deference.

14

15   CONCLUSION

16           For the reasons stated above, defendants' motion for summary judgment is GRANTED.

17   Plaintiff's motion for summary judgment is DENIED.

18           IT IS SO ORDERED.

19

20   Dated: September 22, 2005

21                                                          _____
                                                           MARILYN HALL PATEL
22                                                          District Judge
                                                           United States District Court
23                                                          Northern District of California

24

25

26

27

28

12

**ENDNOTES**

1. The Ninth Circuit has specifically limited <u>Kunin</u>, holding that the *contra proferentem* rule is "not applicable to self-funded ERISA plans that bestow explicit discretionary authority upon an administrator to determine eligibility for benefits or to construe the terms of the plan." <u>Winters</u>, at 554. *Contra proferentem* has also been found to be inapplicable to plans that are the result of collective bargaining agreements between parties of comparable bargaining power.  See <u>Eley</u>, at 279-80.  Provident asserts that the Plan is more akin to a collective bargaining agreement and thus this court should find the *contra proferentem* rule inappropriate.  Def.'s Mot. For Summ. Judgment at 11. However, the court need not reach this issue because, as discussed *infra*, under an abuse of discretion standard the rule of *contra proferentem* is inapplicable.

2. The language purporting to confer discretion is more akin to those that the Ninth Circuit has determined confer "decision-making authority" as opposed discretionary authority. <u>See, e.g.</u>, <u>Ingram v. Martin Marietta Long Term Disability Income Plan</u>, 244 F.3d 1109, 1112-3 (9th Cir. 2001) (where the court found that the mere allocation of "decision-making authority . . . is not, without more, a grant of discretionary authority.").

3. Indeed, during oral argument, plaintiff conceded that for at least the last 10 years the benefit language has been consistently construed by Provident to deduct "Other Income" *after* the requisite salary percentage is determined.

13